**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ALONZO RICHARD, # 23088-077,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1039-H |
| | ) | |
| **DAN JOSLIN, Warden,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: Petitioner is currently confined at the Federal Correction Institution (FCI) in Seagoville, Texas. Respondent is the warden at FCI Seagoville. The court has not issued process in this case, pending preliminary screening of the habeas petition.

Statement of Fact: Petitioner was convicted in this court of robbery, using and carrying a firearm during a crime of violence, and possession of a firearm by a convicted felon in United States v. Richard, 3:92cr254-H (N.D. Tex., Dallas Div.). (Petition (Pet.) at 3). Punishment was assessed at 300 months imprisonment followed by a three-year term of supervised release. The court of appeals affirmed his conviction in an unpublished opinion. United States v. Richard, No. 93-3126 (5th Cir. Nov. 30, 1993).

Petitioner has filed numerous motions under 28 U.S.C. § 2255 and habeas corpus petitions seeking post-conviction relief. The first § 2255 motion was denied on the merits. United States v. Richard, No. 3:94cv1531-H (N.D. Tex. Aug. 29, 1995), *aff'd*, No. 95-10853 (5th Cir. Aug. 16, 1996). The second and third motions under § 2255 and one habeas corpus petition, also construed as a § 2255 motion, were dismissed without prejudice because Petitioner never obtained permission from the court of appeals to file a successive § 2255 motion. United States v. Richard, No. 3:96cv2977-H (N.D. Tex. Nov. 12, 1996); Richard v. Purdy, No. 3:97cv0765-H (N.D. Tex. Apr. 17, 1997); United States v. Richard, 3:00cv029-H (N.D. Tex. Feb. 1, 2000). The Court of Appeals has twice denied Petitioner leave to file a successive motion under § 2255. In re Richard, No. 97-00578 (5th Cir. Dec. 30, 1997); In re Richard, No. 99-110066 (5th Cir. Oct. 11, 1999). Moreover, his previous attempt to rely on the savings clause of § 2255 to raise an Apprendi claim has been dismissed. See Richard v. Dobre, No. 1:01cv091 (E.D. Tex., Beaumont Div., Jun. 28, 2001).

In the present § 2241 action, Petitioner relies on the savings clause of § 2255, to allege the district court lacked jurisdiction over the underlying criminal offense because the indictment failed to allege a sufficient nexus to interstate commerce – an essential element of a Hobbs Act violation. (Petition (Pet.) at 4 and 6). Specifically he alleges that the indictment failed to state a federal offense because neither "the golden dragon antique store" nor "the conrad cleaners" were on federal property. (Id. at 6). He argues that this jurisdictional claim could not have been raised earlier due to the ineffective assistance of counsel at trial and on direct appeal, and due to his transfer to the Texas Department of Criminal Justice to serve time for a parole violation shortly after his sentencing in this case. (Id. at 4).

2

Findings and Conclusions: While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the "savings clause" of § 2255. See Padilla v. United States, 416 F.3d 424, 425-26 (5th Cir. 2005); Reyes-Requena v. United States, 243 F.3d 893, 900-01 (5th Cir. 2001); see also Christopher v. Miles, 342 F.3d 378, 381 (5th Cir.), cert. denied, 540 U.S. 1085 (2003).[1]

Since Petitioner is incarcerated in the Northern District, this court has jurisdiction to determine whether his claims are properly brought under § 2241 via the savings clause of § 2255. Padilla, 416 F.3d at 426 (determining that only the custodial court had jurisdiction to determine whether petitioner could properly raise a claim under savings clause of § 2255) (citing Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999)).

The petitioner "bears the burden of affirmatively showing that the § 2255 remedy is inadequate or ineffective." Padilla, 416 F.3d at 426. Fifth Circuit jurisprudence "makes clear that § 2241 is not a mere substitute for § 2255 and that the inadequacy or inefficacy requirement is stringent." Reyes-Requena, 243 F.3d at 901-902 (citing Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000) ("Section 2241 is simply not available to prisoners as a means of challenging a result they previously obtained from a court considering their petition for habeas relief."); Pack v. Yusuff, 218 F.3d 448, 453 (5th Cir. 2000) ("[M]erely failing to succeed in a section 2255

---

[1] The savings clause of § 2255 states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*
28 U.S.C. § 2255 ¶ 5 (emphasis added).

3

motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy."); Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000) ("[A] prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective.")).

As stated in Padilla, "the savings clause of § 2255 applies to a claim of actual innocence '(i) that is based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a non-existent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.'"  Padilla, 416 F.3d at 426 (quoting Reyes-Requena, 243 F.3d at 904).

Petitioner is unable to satisfy either prongs of the savings clause test.  His claim is not based on any retroactively applicable Supreme Court decision which establishes that he has been convicted of a non-existent offense.  As a matter of fact, Petitioner's jurisdictional argument relies solely on the wording of the indictment -- a document which has been in existence since the beginning of the criminal charges at issue in this case.  Accordingly, Petitioner is not entitled to invoke the savings clause of § 2255 and his petition should be dismissed for lack of jurisdiction.  Christopher, 342 F.3d at 385 (dismissing for lack of jurisdiction claim which failed to satisfy § 2255 savings clause).

RECOMMENDATION:

Because Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in his habeas corpus petition, it is recommended that the habeas corpus petition under 28 U.S.C. § 2241 be dismissed for want of jurisdiction.

A copy of this recommendation will be mailed to Petitioner Alonzo Richard, BOP # 23088-077, FCI Seagoville, P.O. Box 9000, Seagoville, Texas 75159.

Signed this 1st day of September, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.